**MEANS et al.**
v.
**TWENTIETH CENTURY FOX FILM CORP. et al.**
No. 7525.

United States District Court
W. D. Missouri, W. D.
Jan. 11, 1954.

See, also, D.C., 13 F.R.D. 198.

———◆———

William G. Boatright, Kansas City, Mo., for plaintiff.

Spencer, Fane, Britt & Browne, Kansas City, Mo., and Joseph J. Kelly, Jr., Kansas City, Mo., for defendants Twentieth Century Fox Film Corp. and Fox Midwest Theatres, Inc.

Watson, Ess, Whittaker, Marshall & Enggas, and J. C. Wilson, Colvin A. Peterson, Kansas City, Mo., for Paramount Film Dist. Corp., RKO Radio Pictures, Inc., Warner Bros. Pictures Distrib. Corp., Loews Incorporated, Universal Film Exchanges, Inc., United Artists Corp., and Columbia Pictures Corp.

REEVES, Chief Judge.

The plaintiffs feeling themselves aggrieved by the claimed conduct of the defendants, early in January, 1951, through their counsel, indicated a purpose to bring suit against the defendants under the provisions of Section 15, Title 15 U.S.C.A., because of the alleged violation of the national antitrust laws. They were encouraged to do this by reason of the decision of the Supreme Court in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, and the further proceeding in the same case, D.C., 85 F.Supp. 881.

To circumvent such a suit the defendants entered upon negotiations for a settlement with the plaintiffs and their counsel. A settlement was consummated by the payment of a considerable sum of money by the defendants (or some of them) to the plaintiffs. And then, it is charged by the plaintiffs, an agreement was entered into as a part of said settlement between the plaintiffs and the defendants in respect of certain operating concessions to be made to the plaintiffs in carrying on their business as operators of a motion picture show.

The facts briefly stated are that, at the time mentioned, counsel for plaintiffs made a demand upon the defendants for a settlement, or otherwise a suit, as above indicated, would be filed. The defendants invited a proposal for an adjustment of the controversy on the demand being made by the plaintiffs. Thereupon the plaintiffs through their counsel submitted a proposal. The second and pertinent paragraph of the proposal was as follows:

"(2) Each distributor agrees to offer to Oak Park Theatre its feature pictures on said second city run without Oak Park being required to bid against any theatre in said zone or any theatre outside of said zone now owned or operated, directly or indirectly, by Fox, film rental to be paid by Oak Park to be fixed for each picture by negotiation between distributor and owner and operator of Oak Park Theatre."

The plaintiffs were operators of Oak Park Theatre, located at 3935 Prospect Avenue, Kansas City, Missouri.

There was also a demand for $150,000 as claimed aggregate damages. A compromise was reached on the money demand and the sum of $100,000 was paid to the plaintiffs. When defendants agreed or proposed to pay $100,000, the plaintiffs, through their counsel, named the following conditions for its acceptance: That the plaintiffs would agree to accept $100,000 only upon condition distributors would agree to furnish Oak Park features on second city run.

All of the negotiations indicate that the plaintiffs would not be obliged to compete with any affiliate operating theatre of the defendants, or any of them. For assigned reasons, the defendants, through their counsel, indicated that they would accept the proposal made by plaintiffs and would enter into an agreement in respect of the operating rights of plaintiffs' theatre but suggested that an oral agreement should be made instead of a written one. This last proposal was accepted by the plaintiffs. Such playing position of plaintiffs' theatre was to be effective, under the claimed agreement, on and after April 12, 1951.

Within a few days after the settlement agreement had been consummated the defendants, or some of them, began furnishing feature pictures to Linwood Theatre, an affiliate or wholly owned subsidiary of the defendants, or some of them, and compelled plaintiffs' theatre to bid for second run feature pictures against said affiliate. If the contract claimed by plaintiffs were in fact entered into then clearly this action on the part of the defendants would be a violation of the contract.

■ 1. On the part of the plaintiffs the evidence was positive and clear that such a contract was made. Moreover, the testimony of witnesses for plaintiffs was fully supported by memoranda submitted in evidence. In fact, the contract was partially by parol and partially in writing. The evidence on behalf of the defendants did not clearly negative the contract. The evidence was overwhelming that such an agreement and understanding had been entered into by the parties.

■ 2. It is claimed by the defendants that, even if such an agreement had been made as claimed by the plaintiffs, yet it was illegal and null because of such nature as to violate the antitrust laws. This contention is untenable for the reason that the plaintiffs were only exacting of the defendants that treatment which they were entitled to enjoy and to compel the defendants to refrain from doing that which provoked a threatened suit under the antitrust law. In other words they agreed not only to pay for past violations of the antitrust law but that they would refrain from a continuation of their wrongdoing. The contract was a lawful one and its purpose was to keep the defendants from continuing to do an unlawful act.

3. The testimony was that the plaintiffs had sustained up until the time the case was tried damages in the sum of $50,000 by reason of the fact that the defendants would compel the plaintiffs to bid against the Linwood Theatre controlled by the defendants, or some of them.

It would follow that the plaintiffs were entitled to damages in the amount proved, that is, in the amount of $50,-000.

■ 4. Since the defendants resist the action and deny their obligation to meet the terms of the contract, the plaintiffs seek injunctive relief against further violation or breaches of their oral agreement. The contention that the contract was void because not properly executed within a year is, in like manner, untenable. Plaintiffs are entitled to such injunction.

■ The plaintiffs have submitted proposed findings of fact and judgment which, on an examination of the entire record, seem proper, and same are given. The procedure for a declaratory judgment is a proper one under the authorities.